CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 08 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PHILIP DUANE PARKER,<br>    Plaintiff, | Civil Action No. 7:06-cv-00169 |
| v. | **MEMORANDUM OPINION** |
| POLICE CHIEF BROADFOOT, et. al.,<br>    Defendants. | By: Hon. James C. Turk<br>United States District Judge |

Plaintiff Philip Duane Parker, a Virginia inmate proceeding pro se, brings this action as a civil complaint under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. The court conditionally filed the complaint and notified Parker that his allegations failed to state any actionable claim, and granted him an opportunity to amend to correct the noted deficiencies. He has filed a motion to amend, which the court will grant. Upon consideration of the complaint as amended, however, the court finds that this action should be filed and dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

I.

Parker alleges the following sequence of facts from which his claims arise. In 1997, the South Boston, Virginia Drug Task Force arrested Parker on drug charges that later became federal charges. Authorities offered him a sentence reduction in exchange for information about people he had dealt with in his illegal drug activities. Parker told the officer who interviewed him, Officer Bostic, about Officer White of the Danville Police Department, William H. Fuller, and Leslie

1

McCann. Based on that information, FBI officers asked Parker to approach White and ask him to participate in transporting cocaine through his jurisdiction. White said, "I can't do that but call Officer Bostic. Maybe he can help you." Parker did earn a sentence reduction.

In January 2005, after Parker's release from prison, White and his girlfriend tried to set Parker up on another criminal charge. The attempt failed. Thereafter, White threatened Parker's life. Parker reported the attempted set-up and threats to his federal probation officer. On June 22, 2005, Officers Wyatt and Ford of the Danville Police Department chased Parker and flashed their blue lights at him, although they had no warrant. Later, when Parker was approached about some money he was trying to pick up, Wyatt and Ford showed up and asked to search Parker. They found his I.D. and the money and called his name in to police dispatch. Just as they were handing Parker's things back to him, Wyatt's cell phone rang. Then, the officers jumped Parker, struggled with and beat him for twenty to twenty-five minutes, and then used their taser guns to stun him electronically. After cuffing Parker, Wyatt told him, "Just call this one of those things that happens when you mess with one of ours." Officer White was in charge of the shift the night of this assault. Wyatt then had his brother, who is an officer at the jail, continue the "punishment." The Commonwealth's Attorney also placed Lacy Johnson, his known pet, in the cell next to Parker's. Parker claims that as a result of the assault by Wyatt and Ford, he was in a coma for some unidentified time. He was prescribed medication for depression and pain, although he was never diagnosed with anything. Finally, he complains vaguely that he has been denied medical attention for unidentified physical and mental health problems.

Parker states that as a result of the incident with Wyatt and Ford, he was wrongfully charged with and convicted of assault and battery and sentenced to six years in prison with three years

2

suspended. Parker challenged the validity of the arrest during state criminal proceedings and refers the court to the transcripts. His state criminal case is currently on appeal at the Court of Appeals of Virginia. He is due for release on June 14, 2007, but is also subject to a federal detainer for violating his supervised release. Parker alleges that he can prove a conspiracy among police officers, led by White, to harm or kill Parker or to send him back to prison because of his participation with the drug task force.

II.

As an initial matter, Parker fails to allege facts stating any actionable claim regarding his medical treatment. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Parker fails to allege that any of the named defendants had any personal responsibility for providing him with medical treatment or that they interfered with his ability to access medical treatment or mental health care at the jail. Moreover, even after being granted an opportunity to amend, he fails to allege facts indicating that he had any serious medical need for treatment. Thus he fails to state any constitutional claim against anyone regarding inadequate medical care. See Estelle v. Gamble, 429 U.S. 97 (1976). In any event, he does not indicate that he has exhausted his administrative remedies at the jail regarding any ongoing need he may have for medical treatment. Until he has filed grievances and appealed to the highest available level regarding these claims, he cannot bring a lawsuit regarding his medical care. See 42 U.S.C. § 1997e(a). The court will dismiss all claims regarding medical care without prejudice, pursuant to § 1915A.

3

In addition, plaintiff's claims for damages for a wrongful conviction caused by defendants' allegedly unconstitutional conduct have not yet accrued. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Under Heck, if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, the claim is not actionable under § 1983 unless the plaintiff demonstrates that "the conviction or sentence has been reversed on direct appeal, expunged by executive order . . . or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

If Parker were to prove that the defendants conspired to prosecute him, and/or that they used excessive force when arresting him, in retaliation for his involvement with a prior federal investigation, such findings would necessarily invalidate his current conviction and sentence.[1] As his conviction and sentence have not been invalidated in any way, his claims for monetary damages for conduct that allegedly contributed to those convictions have not yet accrued. As the conspiracy and assault claims are thus not yet actionable under § 1983, the court must dismiss them without prejudice, pursuant to § 1915A.[2] An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

---

[1] See Hartman v. Moore, ___ S. Ct.___, No. 04-1495, 2006 WL 1082843 (April 26, 2006) (to state civil rights claim for retaliatory prosecution, plaintiff must prove that no probable cause existed for prosecution and that prosecution ended favorably to him); Heck, 512 U.S. at 487 n. 6 (regarding excessive force on arrest).

[2] As the court herein finds that plaintiff's allegations do not state any actionable claim, he is not entitled to appointment of counsel or appointment of a medical expert in this civil action.

4

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 8th day of May, 2006.

/s/ James C. Turk
Senior United States District Judge